# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| DUPREE LAMONT ADKINS, CDCR # K-50645, | CASE NO. 07 CV 1871 JM (POR) |
|---|---|
| Plaintiff, | **ORDER:** |
| vs. | **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING $ .60 INITIAL PARTIAL FILING FEE AND GARNISHING $349.40 BALANCE FROM PRISONER TRUST ACCOUNT [Doc. No. 2];** |
| | **AND** |
| DENNIS PANISH, Deputy District Attorney; ROBERT C. LOPEZ, Homicide Detective; ARTURO CAMPA, Homicide Detective; MELISSA D. COBB, | **(2) DISMISSING ACTION WITHOUT LEAVE TO AMEND FOR FAILING TO STATE A CLAIM AND FOR SEEKING MONETARY DAMAGES AGAINST DEFENDANTS WHO ARE IMMUNE PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b)** |
| Defendants. | |

Plaintiff, a state inmate currently incarcerated at Richard J. Donovan Correctional Facility in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff claims that his Eighth and Fourteenth Amendment rights were violated in 1996 when two San Diego Police detectives conspired with a deputy district attorney and a witness to plant evidence which resulted in his unlawful criminal conviction. (*See* Compl. at 2-7.) Plaintiff seeks

general and punitive damages in the amount of $100 for "every day" of his "wrongful conviction." (*Id.* at 9.)

Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

## I.   MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Plaintiff's trust account statement shows an average monthly balance of $3, average monthly deposits of $3 and a current available balance of $17.60. Based on this financial information, the Court GRANTS Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses an initial partial filing fee of $.60 pursuant to 28 U.S.C. § 1915(b)(1). However, the Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), or his designee, shall collect this initial fee *only if sufficient funds in Plaintiff's account are available at the time this Order is executed* pursuant to the directions set forth below. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered."). The remaining balance shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

The Prison Litigation Reform Act ("PLRA")'s amendments to 28 U.S.C. § 1915 also obligate the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who

are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any prisoner civil action and all other IFP complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 n.1 (9th Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before directing that the Complaint be served by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). Here, however, even presuming Plaintiff's factual allegations true, the Court finds his Complaint both fails to state a claim upon which relief can be granted and seeks monetary relief from defendants who are immune. See 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b); *Lopez,* 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

First, to the extent Plaintiff seeks damages under 42 U.S.C. § 1983 based on an alleged conspiracy to plant evidence and obtain his wrongful conviction, (*see* Compl. at 2-3, 9), his claims amount to an attack on the constitutional validity of an underlying state criminal proceeding, and as such, may not be maintained pursuant to § 1983 unless and until he can show that conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Ramirez v. Galaza*, 334 F.3d 850, 855-56 (9th Cir. 2003) ("Absent such a showing, '[e]ven a prisoner who has fully exhausted

1 available state remedies has no cause of action under § 1983....'") (quoting *Heck*, 512 U.S. at 489).

2 "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's conspiracy and planted evidence claims "necessarily imply the invalidity" of his criminal proceedings and continuing incarceration. *Heck*, 512 U.S. at 487. In other words, if Plaintiff could show that a deputy district attorney and two police detectives planted false evidence and colluded with a state witness to testify falsely as to his guilt, this would "necessarily imply the invalidity" of his conviction. *Id.* In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding *criminal judgments*." *Heck*, 511 U.S. at 486 (emphasis added); *see also Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1139 (9th Cir. 2005). This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction and/or sentence which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. In fact, the Court takes judicial notice of Plaintiff's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, filed in the Southern District of California in April 2000, which, like his current § 1983 Complaint, challenged the constitutional validity of his conviction and sentence in San Diego Superior Court Case

No. SCD121503. *See Adkins v. Terhune*, S.D. Cal. Civil Case No. 00-0765 BTM (LSP).[1] On May 15, 2001, however, Judge Moskowitz denied Plaintiff's habeas claims and dismissed his petition. *See* May 15, 2001 Order [Doc. No. 16]. While Plaintiff was granted a certificate of appealability as to two of his habeas claims, no appeal was taken. *Id.*

The Court takes further judicial notice of two state habeas petitions filed by Plaintiff, both also challenging the validity of his conviction in SCD121503, and both which have been denied by the California Court of Appeal, Fourth District, Division One. *See In re Dupree L. Adkins*, Cal. Ct. App. Case No. D045661 (4th Dist., Div. 1, Feb. 16, 2005 Order denying petition) (docket available at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=462337&doc_no=D045661) (last visited Dec. 7, 2007); *In re Dupree Lamont Adkins,* Cal. Ct. App. Case No. D040123 (4th Dist., Div. 1, Sept. 17, 2002 Order denying petition) (docket available at http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=41&doc_id=456800&doc_no=D040123) (last visited Dec. 7, 2007).

Thus, because Plaintiff seeks damages for allegedly unconstitutional criminal proceedings in a San Diego Superior Court criminal case, and because he has not, and apparently *cannot* currently show his conviction has been invalidated, either by way of direct appeal, state habeas or pursuant to 28 U.S.C. § 2254, a § 1983 claim for damages cannot be maintained, *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that action barred by *Heck* has not yet accrued and thus, must be dismissed without prejudice so plaintiff may reassert § 1983 claims if he ever succeeds in invalidating underlying conviction or sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

Moreover, even if Plaintiff *could* show that the criminal conviction upon which his claims are based has already been terminated in his favor, his Complaint would still be subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) to the extent it seeks monetary damages against

---

[1] A court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, __ F.3d __, 2007 WL 4198211 *10 (9th Cir. Nov. 29, 2007) (No. 05-16752), slip op. at 15354 (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002) (alterations in original); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo*, 971 F.2d 244, 248 (9th Cir. 1992)).

1  Deputy District Attorney Dennis Panish.  Criminal prosecutors are absolutely immune from civil
2  damages suits premised upon acts committed within the scope of their official duties which are
3  "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S.
4  409, 430 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73 (1993); *Burns v. Reed*, 500
5  U.S. 478, 487-93 (1991).  A prosecutor is immune even when the prosecutor's malicious or dishonest
6  action deprived the defendant of his or her liberty.  *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir.
7  1986).  Thus, Plaintiff's claims against Defendant Panish must be dismissed pursuant to 28 U.S.C. §
8  1915(e)(2)(B) and § 1915A(b) for seeking monetary relief against a defendant who is immune from
9  such relief.  *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

10  Finally, Plaintiff may not sue Melissa D. Cobb, a witness who testified for the prosecution
11  during his trial, under 42 U.S.C § 1983.  "Witnesses, including police witnesses, are immune from
12  liability for their testimony in earlier proceedings even if they committed perjury." *Paine v. City of*
13  *Lompoc*, 965 F.3d 975, 981 (9th Cir. 2001)  (citing *Briscoe v. LaHue*, 460 U.S. 325, 345 (1983)).
14  "Witness immunity also extends to conspiracies to commit perjury." *Id.* (citing  *Franklin v. Terr*, 201
15  F.3d 1098, 1101-02 (9th Cir. 2000). *See also Burns v. County of King,* 883 F.2d 819, 821 (9th Cir.
16  1989) (witnesses are absolutely immune from suits for damages under 42 U.S.C. § 1983 for testimony
17  given at trial, or for testimony given during adversarial pretrial proceedings); *Demoran v. Witt*, 781
18  F.2d 155, 157-58 (9th Cir. 1986).

19  Thus, for all these reasons, the Court finds that Plaintiff's Complaint must be dismissed sua
20  sponte for failing to state a claim upon which relief can be granted and for seeking monetary damages
21  against immune defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203
22  F.3d at 1126-27; *Resnick*, 213 F.3d at 446, n.1.

23  **III.   CONCLUSION AND ORDER**
24  Good cause appearing, **IT IS HEREBY ORDERED**:
25  1. Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2] is
26  **GRANTED**.
27  2. The Secretary of the California Department of Corrections and Rehabilitation
28  ("CDCR"), or his designee, is ordered to collect the $.60 initial partial filing fee assessed by this

1  Order and forward that amount to the Clerk of Court, *if those funds are available at the time this Order is executed.* THE INITIAL PARTIAL FILING FEE SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Secretary of the CDCR, or his designee, is ordered to collect from Plaintiff's prison trust account the $349.40 balance of the filing fee owed in this case by collecting monthly payments from Plaintiff's prison trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL MONTHLY PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THAT NAME AND NUMBER ASSIGNED TO THIS ACTION.

4. The Clerk of the Court is directed to serve a copy of this Order on James E. Tilton, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

5. Plaintiff's Complaint is **DISMISSED** without prejudice both for failing to state a claim upon which relief may be granted and for seeking monetary relief against defendants who are immune pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b). Moreover, because the Court finds amendment of Plaintiff's § 1983 claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile); *see also Robinson v. California Bd. of Prison Terms*, 997 F. Supp. 1303, 1308 (C.D. Cal. 1998) ("Since plaintiff has not, and cannot, state a claim containing an arguable basis in law, this action should be dismissed without leave to amend; any amendment would be futile.") (citing *Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996)).

The Clerk shall close the file.

**IT IS SO ORDERED.**

**DATED: December 26, 2007**

                                                     */s/ Jeffrey T. Miller*
                                                   **Hon. Jeffrey T. Miller**
cc:      All parties                          **United States District Judge**